## No. 13,777.

HEUSTON ET AL. *v.* GILMAN.

(56 P. [2d] 40)

Decided February 3, 1936. Rehearing denied March 30, 1936.

Mr. FRANK L. MOORHEAD, for plaintiffs in error.

Messrs. RINN & CONNELL, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff Gilman, who had theretofore requested the mayor and city council of Boulder, Colorado, who are the statutory licensing officers, to grant and issue to him a liquor license, which application these officers refused, brought this mandamus action in the district court of Boulder county against them to compel compliance with his request by granting the license which he sought. The alternative mandamus writ was issued. The demurrer of defendants thereto was overruled. They elected to stand thereby, whereupon a decree was rendered by the district court that the license sought be forthwith issued by the defendants to plaintiff. The Boulder officers are here with this writ of error seeking a reversal of this decree.

Boulder is a so-called "home rule" city organized as such under article XX of our state Constitution. This request for a liquor license is of date May 28, 1935. It specifically predicates plaintiff's right thereto upon the provisions of chapter 142, page 597, S. L. 1935, concerning the manufacture and sale of alcoholic liquors, which became effective April 12 of that year. Apparently, at least there is no denial thereof, plaintiff in his application has complied with the conditions upon which his right, if any he has, to a license depends. The question for decision therefore is: Has plaintiff a legal right under our Constitution as amended, and the applicable statutes of the state and his compliance therewith, to receive a license to sell liquor in the city of Boulder?

In his opening brief the city attorney of Boulder, representing here its licensing authorities, says that since article XXII of our state Constitution adopted in 1914, prohibits, among other municipalities, the city of Boulder, now a home rule city, from selling liquor, the city cannot overrule or repeal or ignore such article. This article, however, as amended on November 8, 1932 by

vote of the people, permits sales of intoxicating liquor under such regulations as may thereafter be provided by statutory laws of Colorado. The trial court, however, seems to have been of the opinion that because the Constitution and statute allow a business to be carried on under such regulations as may be provided thereby, the local authorities must, therefore, on proper demand and showing, permit it thus to be carried on. But counsel for plaintiff say that there is in such contingency a difference between a useful and a nonuseful occupation, or business. One rule is applicable when the occupation in question is not of a useful character, and another rule governs when it is useful, if the General Assembly so decides.

Article XXII of our Constitution, as it was adopted in 1914, was a prohibition law. It read: "Intoxicating Liquors. Section 1. Prohibition law. From and after the first (1st) day of January, 1916, no person, association or corporation shall, within this state, manufacture for sale or gift any intoxicating liquors; and no person, association or corporation shall import into this state any intoxicating liquors for sale or gift; and no person, association or corporaton shall, within this state, sell or keep for sale any intoxicating liquors or offer any intoxicating liquors for sale, barter or trade; Provided, however, That the handling of intoxicating liquors for medicinal or sacramental purposes may be provided for by statute." This article XXII was thereafter, on November 8, 1932, amended by vote of the people at a general election to read as follows: "Article XXII. On the thirtieth day of June, 1933, all statutory laws of the state of Colorado heretofore enacted concerning or relating to intoxicating liquors shall become void and of no effect; and from and after July 1st, 1933, the manufacture, sale and distribution of all intoxicating liquors, wholly within the state of Colorado, shall, subject to the Constitution and laws of the United States, be performed exclusively by or through such agencies and under such regulations as may

hereafter be provided by statutory laws of the state of Colorado; but no such laws shall ever authorize the establishment or maintenance of any saloon.'' S. L. '33, c. 52, p. 390.

Amended article XXII was in force and effect at the time Gilman applied for his license. It might be inferred, as above indicated, from the briefs of counsel for Boulder that they may be depending, to some extent at least, upon original article XXII of our Constitution as the governing law of the case, while the plaintiff- Gilman relies upon that article as amended. The former absolutely prohibits the sale of liquor. The latter declares that on June 30, 1933, all former liquor laws are repealed and that from and after July 1, 1933, by statutory regulations thereafter to be adopted, and which were adopted by our General Assembly—S. L. 1935, chapter 142, page 597—such laws must conform to and be in harmony with the conditions and in accordance with the requirements therein specified.

Evidently proceeding under amended article XXII, our General Assembly at its Thirtieth Session, by chapter 142, page 597, S. L. 1935, enacted a comprehensive statute regulating the manufacture and sale of intoxicating liquors in this state. Section 2 of this statute provides that on the taking effect thereof it shall be lawful to manufacture and sell for beverage or medicinal purposes malt, vinous or spirituous liquors, subject to the terms, conditions and limitations contained in the act itself. Section 3 of the act, in nineteen separate subdivisions thereof, specifies what shall be unlawful acts of any person owning or possessing the lawful power to sell liquors. It would seem necessarily to follow, unless there is some provision in the act itself to the contrary, and we find none, that it is now competent for our General Assembly to provide, and it has enacted in said chapter 142, regulations such as it deems necessary for the licensed vendor of liquors in this state to observe. We

now proceed to consider whether or not the city of Boulder—a so-called home rule city—is subject to the provisions of chapter 142, and, if it is, whether it has abused its discretion in refusing the license sought.

 The city attorney as counsel for Boulder says that chapter 142, S. L. 1935, does not apply to Boulder, a home rule city. He says that Boulder is a city organized and operating as such under and by virtue of article XX of the state Constitution and its charter and section 141 thereof expressly prohibit its city council from granting liquor licenses. However that may be, if this chapter is not in force, it is within the reasonable discretion of its city council to grant or refuse applications for the sale of liquor therein. The city council, by its ordinance, refuses to grant liquor licenses. In section 9, chapter 142, page 611, S. L. 1935, concerning intoxicating liquors, it is specifically provided that the city council of a city shall have authority to refuse to issue any license provided for in the act for good cause, subject to review by the courts. The city council of Boulder has refused to grant to plaintiff Gilman a license to sell liquors. There is no showing in this record that it has abused its discretion or exceeded its authority in such refusal. It seems to have acted in the premises according to law and its own conception of right and duty in refusing permission to plaintiff Gilman the right to sell liquors in Boulder.

The decree of the district court directing the city forthwith to issue a liquor license to plaintiff Gilman is wrong. It is therefore reversed and the cause is remanded to the district court with instructions to set it aside. Further proceedings, if any, in the cause must be in harmony with the views expressed in this opinion.

MR. JUSTICE BUTLER and MR. JUSTICE BOUCK think that the case has become moot and that therefore the writ of error should be dismissed.

MR. JUSTICE HOLLAND dissents.

Mr. Justice Bouck.

The case at bar was brought here for review of a writ of mandamus to compel issuance of a drug store liquor license *for the year ending December 31, 1935.* My position in this case is the same as my position in the analogous case of *Van DeVegt v. Board of County Commissioners of Larimer County,* decided this day, 98 Colo. 161, 55 P. (2d) 703. I respectfully refer to my statement filed in the latter case for an explanation of that position.